Good morning and may it please the court. My name is Kevin O'Grady and I represent Mr. Odquina. At this time I'd like to reserve five minutes for rebuttal. The district court erred below and abused its discretion when it found that vanity license plates are government speech. They are private speech and they are not government speech. Additionally the viewpoint discrimination that the county and the state employs by recalling a license plate with either offensive or implied profanity is viewpoint discrimination which violates the First Amendment and obviates a reasonableness analysis. So why is that viewpoint discrimination? I could see it as content based restriction but it does not seem to be viewpoint discrimination because the profanity would be prohibited no matter what message it was sending. Respectfully I think that the Yonk'un case tells us that profanity can send a variety of messages and be a viewpoint and not just merely be content. In that case an implied or shortened profanity was a trademark and despite the fact that the patent office could try to prohibit offensive or disparaging information the language was still found by the Supreme Court to be protected as offensive speech and I think that... But that case was about disparagement as you just said not profanity. But the case talks about at the beginning of the case the judges went through the entire PPTO process and included offensiveness and profanity and additionally several of the justices argued, I'm sorry, stated that because of their ruling a variety of all sorts of profane things would be covered. Additionally as I pointed out in the reply brief I don't think that the United States Supreme Court examined some of the cases that I had provided with regard to explicit profanities from the 70s that are covered under viewpoint discrimination and the Carroll case which was pointed out which is the other license plate case which had implied profanities in it. Profanities can be a variety of things and the particular profanity or implied profanity in the Carroll case is the same as in Mr. Atkina's case. Those cases that you were referencing in your briefing, Cohen and others, were about criminalization of I think you agreed, I'm not sure, a non-public forum arguably, the license plate, government property and some limited expression on that. Doesn't that change the context of whether profanity should be allowed to be on a non-public forum that the government has to go along with it? I don't think so. Going back as far as Cornelius and I don't think in the 1970s that the idea of the non-public forum that we now view as the vanity portion of the license plate or even in the King County case which is American Freedom which was the entire bus and the billboard on the side of the bus, it seems to me that just because it's in a non-public forum the criminalization doesn't make a difference. The Walker case which is a license plate case, it wasn't that it was profanity or not. It's the fact that who's speaking and there they determined that the license plate designs in the Walker case were the government speaking but a variety of cases have determined, again American Freedom, the Carroll case, the vanity portion of a vanity license plate, the personalized section, is not the government speaking and if it's not the government... I mean and I might agree with you on that point. I guess I'm raising a separate question similar to what Judge Beatty asked. Why isn't the restriction on profanity a restriction on a mode of expression as the Iancu or Brunetti case several justices wrote about rather than a viewpoint itself? It's, you know, using profanity is creating some intensity or something about the expression but not about a person's particular viewpoint of that expression. I think Iancu and several of the other Supreme Court have said that they can't, you can't police language and the law review that was cited by the county that I addressed in my reply brief, it was acknowledged by the law review in assimilating and putting all the cases together from the United States Supreme Court that you can't police polite language and viewpoint discrimination includes using coarse words and yes profanity as well and that has been something that the government has not been not allowed to do. I think the law review article that was cited cited it back to the 1940s when First Amendment jurisprudence started in this direction that the government cannot stop people from using coarse words including profane words and that is viewpoint discrimination not just merely content discrimination. In any context so anyone can appear on government property that's not intended for expression at all and they have the right to use profanity on that government property. It's just it's it's just a blanket permission to to be able to use profanity anywhere. Well I would like to address a part of what you just asked me, Judge Sanchez, which is not meant for public expression. In fact the state and the county have said that an applicant for a personalized or vanity license plate is allowed to express what they want to express on their license plate. That's exactly what it's for. The government is not speaking through the vanity license plate the individual is and when they allow the individual the opportunity to speak they are not allowed to then restrict it in some fashion. There is not a limitation on this particular non-public forum because it is a license plate. The First Amendment has categories of speech that are not protected all the time like you know fighting words, slander, fraud, none of those are protected. Why isn't profanity in that category that it just is not protected? Although there were criminalization cases that I cited in the reply brief, the cases that I alluded to before that Judge Sanchez spoke about, profanity is just very very strong language. I believe in the Cohen case or one of the other cases I cited said that one man's profanity is another man's lyrics and so the First Amendment prohibits the government from saying well you can use coarse words but not profane words and I think profane words are protected. I think those cases establish that. Fighting words may be slightly different because there might be action involved likely to incite but coarse language that might be likely to incite is different. You could say a wide variety of things without using any profane language at all. In all those cases you can use other disparaging words against BLM but you can't use the word FCK. So in this particular case because of the implied profanity in the license plate that's what arose. However the county's rules say that you can't use disparaging language against racial groups or all sorts of other things that prohibit a variety of other items that are in their sexual. Isn't that because the state and the county view these license plates as government speech and they have provisions within the regulations that say that that is the case. This is state speech. They do but I think that beyond the Yonkou case and also the Gillian case that I supplied yesterday as a supplemental, the United States Supreme Court cautioned that government approval of private speech does not convert it into government speech. So they may say well we would prefer that you not say X and Y and Z but what they when they then enforce it. I understand your argument but wasn't that argument explicitly rejected in Walker? I mean several various variations of the argument were played out and rejected in Walker and some of those were aired in Judge Alito's dissent but none of those arguments have been accepted. Well I think the argument in Walker that led the United States Supreme Court to find that the license plate designs were government speech and not private speech was the fact that this is not an individualized person speaking. This is the government speaking. So when the government approves a particular design in support of say the orange industry or the oil industry in Texas and it's available on millions of license plates but for a fee, the government is expressing its support because the recently in the Gilliam case and also I think in the Carroll case, a vanity plate is only on one car. That is not the government speaking. That is an individual person speaking. So there might be a process to go through. To do that we'd have to separate the plate into different components. So we'd have to separate out where it says Hawaii in bold letters, where it says Aloha State, the fact that it's a government and issued identification, the fact that the it's required for registration of your vehicle. All of that seems to be clearly government speech but you say we separate out all of that including any kind of background design and just those alphanumeric and designation becomes private speech. So it's it's the mobile billboard that Judge Alito suggested in his dissent which was not adopted by the majority in Walker. It was not adopted by the majority in Walker. However, the King County case which I think came out of the bus is King County property. The billboard itself is. But the the buses and the email systems, those have all been treated as non-public form because it's the government acting as a business. They're renting space on the side of a bus, if you will, to let people have an advertisement, a message. And and the form analysis is troubling to me because neither the majority nor the dissent in Walker suggested that license plates could be viewed as a non-public form. Justice Alito was suggesting it was a limited public form, not that it was a non-public form. So you're suggesting it's akin to the bill to advertise on the side of the bus or the email system used in a government office. I believe it's a non-public form. Well I think most what's mostly important is that it is not the government speaking. It is Mr. Atkina alone on his car speaking. As far as the form analysis, I do believe that it would be a non-public form. I believe the majority of courts that have addressed vanity license plates have found that vanity license plates are non-public forms. The government is making money. They charge extra. And the government has said we want individual drivers to place their personalized message on their license plates through the use of vanity license plates. They don't have committees like the designs, which Hawaii has a similar process. You can have the Haleakala National Monument design on the license plate. That's different. Many people can support Haleakala in the license plate design, but only one person can have his message or her message on that particular license plate. And by that, they are inviting each driver to convey their particular message. And once they do that, they cannot then thereafter discriminate by viewpoint. And viewpoint means that they cannot discriminate whether the person wants to say nice things or bad things or profane things or rude things. But is that a viewpoint? So you're saying the viewpoint discrimination here is viewpoint against non-nice things? Is that the viewpoint you're saying is being discriminated against? Yes. The county's rules say that you can't have offensive language. But what is offensive Usually viewpoint is on one side of an issue and one side of the other, but you're saying the viewpoint is saying things nicely and the government is discriminating against people that don't want to say things nicely. Is that the viewpoint you're articulating? I think that there are a variety of cases that I've cited. I'm trying to remember. Gilliam and Carroll say that, and I think the Law Review article also says, viewpoint can be the use of a profane word without necessarily being in favor of or against something. Have any of those cases analyzed that or applied that argument in a form analysis? I think the Carroll case did, specifically with a license plate. There's a footnote that I referenced opening in the reply brief, maybe not the reply brief, that talks about the and can necessarily not mean anything other than just, oh well, where are my keys, I think is what the court in Carroll said. It doesn't necessarily mean you're for something or against something, one side or the other side. It's just a word that people use and it is ubiquitous today. So can I ask Mr. O'Grady, does this mean in your view that content restriction is necessarily viewpoint restriction? Is there any type of thing that the state of Hawaii or the city could reasonably restrict that's put on the license plate, if not profanity? I think there were other examples that the guidance gives about sexual body parts or other types of languages. Is there anything content-wise that the government could reasonably restrict? As far as the message goes, I think the United States Supreme Court case, I think it's the Supreme Court case, the Gilbert, Arizona case, which is Reed, they talked about the placement of signs. What is on the sign, the message that is conveyed, no, they cannot affect that. What they can control is the things that are referenced in the district court's opinion, which they do control, the number of letters, the height of letters, whether or not it's on a license plate produced by the government that has the word Aloha on it, etc. The Reed case from Arizona said you can do particular things with signs, but what is on the sign, the message that is on the sign, that is content and viewpoint discrimination, and they are not allowed to restrict or try to make things that are nice or police the language used by the applicant. Can I ask just one quick, is Cohen your best case that's saying profanity by itself is protected under the First Amendment? The draft case. I'm sorry? The draft case you're referring to. Yeah, well, let me just put it this way. What's your best case that's saying profanity by itself is protected by the First Amendment? Because that's the problem, that's the issue that I have the biggest problem with. So, and I see that I've gone over my time, so if I can respectfully answer the question. First, I'm not sure that with regard to complete profanity as was used in Cohen, that this court need not necessarily address that, because here it is an implied profanity, and I think Iancu addresses it. However, Cohen would be the strongest, I think, with the other cases that I cited at the same time. Thank you. All right, thank you. We'll see where we are in time, but it's certainly not going to give you five minutes for rebuttal, since you're over your original time. All right, so we have the time split between Mr. Gluck and Mr. Ickes. Eight minutes, you must be Mr. Gluck. May it please the Court, Daniel Gluck, Deputy Corporation Counsel for the City and County of Honolulu. We respectfully ask that this court affirm the District Court's order denying the motion for preliminary injunction. There are several ways the court can reach this result. One is to conclude that alphanumerics on license plates are government speech. Another is to conclude, as the District Court did, that assuming arguendo that this is a non-public forum, that restriction on profanity, it meets the test for the First Amendment, meaning that it's reasonable and it's viewpoint neutral. The government speech question is unsettled. However, the analysis on how to conduct viewpoint neutrality and non-public forum is very well established. It is a very clear path for the court to take, and in fact, it's particularly easy in this case because the appellant has not made any arguments as to reasonableness, and so the only question that this court has to answer is whether a ban on profanity by itself is viewpoint neutral. Now, his argument is that it is not viewpoint neutral because it's biased against people that like to use not nice words. What's wrong with that argument? I don't believe the Supreme Court has ever adopted that argument or would ever adopt that argument. So, to your question to Mr. O'Grady regarding, is it categorically excluded? I think Mr. O'Grady is correct that Cohen v. California does say that it's not categorically prohibited in the way that fighting words or libel would be. However, even, so Justice Alito in Mattel had the phrase giving offenses of viewpoints, and that was 2017, but two years later in Iancu, Justice Alito wrote separately to say that vulgar terms play no real part in the expression of ideas and that the trademark in that case, which was F-U-C-T, the term suggested by that mark is not needed to express any idea. The Chief Justice wrote a separate opinion in that case expressing similar sentiments, and Justice Sotomayor went further in saying that to treat a restriction on vulgarity, profanity, or would upend decades of precedence. She also wrote that it would also risk destabilizing government practice. So, those are the three separate opinions in Iancu. The majority, Justice Kagan writing for the majority, took pains to exclude exactly this kind of restriction from her majority opinion. So, she wrote on behalf of six justices that included, pardon me, it included Justice Gorsuch, Kavanaugh, Thomas, and Alito, as well as Justices Ginsburg and Breyer. So, you have at least seven of the nine current members of the court who seem to take the position that profanity by itself can be excluded if the government writes a statute that is clear enough. And it was really the facial nature of the statute, the words in the statute about scandalous and immoral, and the like, that the court was really looking at in both Iancu and Mattel. I would also... Mr. Glick, what about the... I mean, sometimes using profanity can be a part of the content of the expression, right? You know, it's... I can think of examples where, you know, profane part of an expression actually is part of the message itself. What about that point? I think Mr. O'Grady is mentioning it. You know, deciphering between when is it viewpoint versus not is not always the easiest thing. Well, I think Mr. O'Grady is correct that it can be part of the content of the message, but in a non-public forum, you're looking at viewpoint, not content. So, the court... sorry, the city and the state are able to regulate content in a non-public forum. And so, you could say no political speech. You can say no profanity. Those are content-based discrimination, but not viewpoint-based discrimination. It may affect the strength of the message, but it doesn't discriminate based on what perspective you have in making that statement. So, if Mr. Aquino had submitted a different vanity plate and without the FCK implied vulgarity, it said no or no BLM or, you know, bye-bye BLM, something else that would fit on a license plate that expressed a viewpoint that he was opposed to the organization, would that be permissible under Hawaii statute? So, certainly, it avoids the profanity clause. As to the BLM, I'm not entirely sure because there are other provisions of the rules that may apply to racial epithets and the like. So, I would imagine probably it's okay, but I don't know for sure. And I can also... I sort of wanted to make one comment, though, is that Mr. O'Grady had talked about that particular rule, the anti-racial epithet rule. Here at Oral Argument was the very first time that he has ever referenced that rule. In this case, he did not make that argument before the district court, has not made it in his briefing, that argument in his briefing to this court. And so, if that is something that the court would like to consider, we would ask for extra briefing on that. I'm sorry to interrupt. So, your answer, though, assumes, and you may have thought I was assuming this in my question, which would be fair, that we are concluding that the letters and the numbers on the license plate are not government speech. Correct, Your Honor. Yes, this is all assuming it's a non-public forum. So, this license plate wasn't excluded based off of the racial disparagement clause. It was based off of the profanity clause, right? So, that's not it before us, right? That's correct, Your Honor. All evidence in this case is that it's based on FCK and FCK alone. It sounds like that racial disparagement clause might be violated. So, three responses, Your Honor. So, one is that, as I mentioned, not raised at all before, not before this court. Two is that I'm not sure that that question is settled. I know that there's obviously Mattel and Iancu may bear on that. There's also language in R.A.V. versus City of St. Paul, which is a Justice Scalia opinion, which we had mentioned in our district court briefing that talks about how a ban on odious racial epithets may actually be content-based but not viewpoint-based. So, I don't think that that question is entirely settled. I have a third response, Your Honor, but it would require me to refer to something outside the record regarding administrative... It's okay. It's just, it's just an interesting side issue. Yeah, thank you, Your Honor. And just to circle back on the government speech point for a second. Is, is your best argument as to that this is government speech, the, the regulation that the state exercises over what's on the license plates in particular? Because I, I do see a distinction between Walker and this where there may be a historical tradition of the design of the license plates and everything that's been discussed in, you know, the majority in Walker, as opposed to government trying to express a message through the many thousands of alphanumerics that get submitted each year. So, what would be your best argument that this is government speech? I think you're exactly right, Your Honor, that it's the degree of control. In Shurtleff, the court took pains to note that there was essentially no control whatsoever. In this case, you have very direct control by the government, a very strict control. Beyond that, Your Honor, I don't think that I can add much to what the district court had done in its own analysis. Thank you. Thank you, Your Honor. Morning. May it please the court, Your Honors. Deputy Attorney General Isaac Aikis on behalf of Annie Lopez in her official capacity as Attorney General of the state of Hawaii. State and county are largely in accord with regard to the arguments here today, so I would just like to address a few things that Mr. Aikina referenced in his reply brief, as well as some of the issues that were brought up today. With regard to the issue of government speech, I think looking at the concurrence of Justice Alito in the Shurtleff case perhaps can shine some light or give us some guidance of kind of where to look to determine whether or not the government is the speaker in this case. Justice Alito wrote a couple of examples of when government communication that relies on speech. One of the examples he gave regards government speech by adoption. And to just kind of flesh that out, Justice Alito described government speech by adoption as occurring when the government adopts a medium of expression created by a private party and uses it to express a government message. A private person will generate a medium of expression, in this case personalized plate, transfer it to the government. The alienation that takes place during that transfer is voluntary. But isn't that more of a concept of government sponsorship of certain messages, almost like as if the government is outsourcing certain messages on its behalf? I have a hard time seeing the government outsourcing its message on personalized license plates that can go in so many different directions and in some ways be to a number of people and only meaningful to the individual license holder. I understand, Your Honor. First, I think that goes toward the endorsement idea in Simone Slash Walker. And second, just looking at Justice Alito's footnote in this concurrence here, I think perhaps could shine a little bit more light on what's going on. Counselor, so you're saying the state of Hawaii believes that the driver of that car is like LeBron? Well, I don't really believe that kind of hits where I'm trying to get here. So what does endorsement mean in this context? So I think the underlying issue is that license plates, including government license plates, including personalized license plates, are government IDs. And I guess kind of tying back to Justice Alito's footnote and shirt left, I would just like to read a quick quote. Spoke that government speech by adoption should be limited to government IDs and followed that up with Walker likely marks the outer bounds of the government speech doctrine. So taking those, I think it was very intentional to put those two sentences right next to each other. How do you square the just because the government is regulating, you know, the registration of trademarks doesn't mean that it's a government message. You know, I think it was Justice Alito that used the words that, you know, the government would be babbling incoherently if it were actually the government speaking in all these different ways with these trademarks. How that seems pretty applicable to here. How, and I think in Mattel the court also said we should be about having the view that the government, by endorsing something, is itself speaking. I don't think that, well I think that the distinction here again is that license plates, including personalized ones, are government identification. Mattel v. TAM dealing with trademarks under the Lanham Act is a very different classification of subject matter than government identification. And the government surely does need to take great caution in, you know, its regulation. So could the government allow a vanity plate that's pro-life but ban vanity plates that are pro-choice? Well I think that would be a viewpoint discrimination. Yeah, but if it's a government speech, you're allowed to do that. Well if we're considering license plates as government speech, then yes, the government or the bounds of the First Amendment. Don't you see a problem with that? Okay, so maybe it's not government speech. But I do think that, you know, the District Court's order in, you know, offering two different roads to very prudent and very practical in looking at this analysis. Using Judge Bumate's example, that would be allowed under Walker if the design were a pro-life message or the design were a pro-choice message, because they concluded that the plate in that context was government speech, right? It would be, yeah. And so the other issue with the government babbling incoherently, I think it's pretty powerfully laid out in Justice Alito's dissent. So that is not what Walker said. So the Supreme Court has rejected that reasoning, that the government can can babble incoherently and it's still government speech. And Mitchell, the Maryland Supreme Court case, same thing. They acknowledge that these plates are perceived publicly as government speech, which is why people want them instead of a bumper sticker, right? And what happened here factually, people complained to the state about this license plate. They perceived it as government speech. Is that correct? I agree, Your Honor, and I believe that was explained quite thoroughly in the Dish Court's order, and the Dish Court's order was logical and plausible, supported by the record. Well, we've taken you over time. Are there any additional questions? All right, thank you. Thank you, Your Honor. Thank you very much. Mr. O'Grady, I'll give you two minutes, and I'm sure you can jam five minutes into two. I try my best. I'd like to start off with what you were just speaking of, Judge Batey, which is the perception that a vanity license plate would be government speech. And I think that the Shurtleff case indicates that that's, when you take a holistic approach, that's not actually the case because a vanity plate, as opposed to a design in Walker, is a one-of-a-kind bumper sticker. That is, nobody's going to think that if they see one particular license plate, that that is the government endorsing that particular person's view of whatever, whether it be a single curse word without a plus or minus in one direction or the other supporting pro-life or pro-choice or LeBron or what have you. Everyone will know that a particular vanity plate is particular to that person. And I think, again, if you take from Justice Alito's concurrence in Shurtleff, a holistic approach to the license plates, no one thinks that in a vanity plate, as opposed to the design on a plate available to dozens of scores of whoever wants to pay for that design, that the government is speaking. So I think that it is quite clear that it is not government speech. Can I ask a question about Iyanku? So one of the ways the government tried to get out of that was saying that they're going to limit scandalous to mean vulgar, obscene, or profane. And all the justices seem to suggest, well, you can't read the statute that way, so therefore we're not going to accept that. But almost all of the justices, especially the concurrences, suggest that that would be a proper limitation if it was allowed under the statute. It seems to me, and I may be mistaken, but it seems to me when I read Iyanku and Mattel, I do not note the justices addressing the line of that I raised from Cohen that are very specific about... I think Sotomayor addresses Cohen and says it's fine. I mean, it's consistent. But if it is it is fine, then that does not mean that if a private person is speaking, that the justices allow that particular kind of speech. Because, as I say, I don't think that that line of cases was fully fleshed out. If governments are allowed to then say we have adopted these rules that stop vulgar and profane speech, I don't know how they could line up with the Cohen line of cases. All right, thank you. This case is taken under submission. Thank you, counsel, for your arguments this morning. They were very helpful, and we are adjourned.
judges: BADE, BUMATAY, SANCHEZ